IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 20 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

MICHAEL LOGAN LOWERY, §
Petitioner
§
Vs § Cause No. 2-23CV-047-Z
§
BOBBY LUMPKIN, Director, §
Respondent

### PETITIONER'S MEMORANDUM, HIS ARGUMENT AND AUTHORITIES SUPPORTING HIS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHAEL LOGAN LOWERY, Petitioner Pro Se (here-in-after called Lowery), files this memorandum in support of his petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and would show this Court as follows:

### I. PETITIONER'S STATEMENT TO THE COURT

I am a natural born citizen & a veteran having served as a Chief Warrant Officer & a Blackhawk helicopter pilot in the U.S. Army. I served this great nation to secure a way of life & the very rights I ask to be upheld now. I beseech this Honorable Court & Honorable Judge to view my petition with open eyes, to see this obvious & reversable error that caused a fundamental-miscarriage-of-justice that robbed me of my due process rights & my liberty! The U.S. & TX Constitutions are meant to secure the Blessings of Liberty!

### II. ISSUE

During the closing arguments of my trial, special prosecutor Wesley Mau knew there was no evidence presented during the trial that supported his 'summation of evidence' or a guilty verdict for the charged offense, so he intentionally removed the essential elements of intentionally or knowingly from the jury's deliberations, thus violating Lowery's due process rights & T.C.C.P., art. 2.01 - <u>Duties of district attorney's</u> - "It shall be the primary duty of all prosecuting attorneys, including special prosecutors, <u>not to convict,</u>

but to see that <u>justice is done</u>.". This violated Lowery's right to due process of law, unanimous verdict, fair trial, & equal protection under the law. This qualifies Lowery for relief under T.C.C.P., art. 11.07 § 4 (a)(2) & 28 U.S.C. § 2254; see <u>Ex Parte Milner</u>, 394 S.W. 3d 502, 505-506 (Tex.Crim.App. 2013).

   Lowery asserts that in direct violation of the due process guarantee's of the U.S. & TX Constituions; Tex.Gov.Code, title 2, subtitle G, appendix A, art. 10 § 9, Rule 3.04 (c)(3) - "Fairness in Adjudicatory Proceedings"; & T.C.C.P., art. 2.01 - "Duties of district attorneys" - special prosecutor Mau's statement of "...<u>Amber Lowery was killed, it was done intentionally or knowingly, wasn't planned, but you don't have to decide that. All you have to decide is whether or not on that particular date or around that particular date the defendant is the one who actually caused the death.</u>" (a direct quote from the trial records, 10 RR 20-21), prejudiced the jury, by causing the jurors to form a preconceived judgment without a factual basis, thus creating a prejudicial error & a fundamental-miscarriage-of-justice.

   Special prosecutor Mau's statement was impermissible & fundamentally improper. It is the duty of the special prosecutor to refrain from improper methods calculated to produce a wrongful conviction and it has been long held that the average jury will believe statements made by the special prosecutor because he is simply "in the know", even when those statements are not supported by the evidence presented at trial. see <u>Berger v U.S.</u>, 295 U.S. 78-88, 55 S.Ct. 629, 7 L.Ed. 1314 (1935). When special prosecutor Mau removed the essential elements of the charged offense, he removed the fundamental requirement of unanimity on all the essential elements of the charged offense. Thus, he created an obvious & reversable error under the "Fundamental-Fairness Doctrine" or "Due Process" guarantee's of the 5th & 14th amendments of the U.S. Constitution, as well as, the due process guarantee's of the Texas Constitution under art. 1 § 19.


### III. STATEMENT OF JURISDICTION

   Petitioner asks this Court to take Judicial notice of the cases of <u>Martinez v Ryan</u>, 132 S.Ct. 1309 (2012) & <u>Trevino v Thaler</u>, 133 S.Ct. 1911 (2013) which eliminates the procedural bars keeping this Court from addressing Petitioner's claim. This case revolves around procedural bars. The State procedural bar in the instant case was successive-writ. The federal procedural bars this Court may apply to Petitioner's case is successive-writ & time-bar. However, pursuant to <u>Martinez</u> & <u>Trevino</u>, supra, these procedural bars can be overcome if Petitioner meets three (3) requirements: (1) If the state writ raised an ineffective assistance of counsel claim, (Martinez at 1320, Trevino at 1915); (2) If Petitioner had no counsel representing him during the habeas process, (Martinez at 1317,

Trevino at 1921); (3) If Petitioner was not educated in legal matters, (Martinez at 1317). Petitioner can meet these requirements. Petitioner's claim is an IAC claim; Petitioner was not represented by counsel; Petitioner's first writ was filed by a so-called "Jailhouse Lawyer" who was not versed in legal matters and Petitioner is not versed in legal matters. Consequently, since Petitioner has met the three (3) Martinez & Trevino prongs, Petitioner is not procedurally barred from having this Court address Petitioner's current writ.

Petitioner asks this Court to apply the fundamental-miscarriage-of-justice exception when applying Martinez & Trevino, supra, to the successive-writ & time-bar procedural bars against this petition.

### IV. THE 5th & 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION

The guarantee of due process of law is found in the 5th amendment but made applicable to the states through the 14th amendment to the U.S. Constitution. This guarantee states - "no person shall be deprived (nor shall any State deprive any person) of life, liberty, or property without due process of law."

Black's Law Dictionary, 8th edition, defines due process as a course of formal proceedings (as judicial proceedings) done regularly, fairly, and in accordance with established rules and principles - also called procedural due process of law.

### V. TEXAS CONSTITUTION, Art. 1 § 19

No citizen of this State shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by the due course of the law of the land. Section 19 of the Texas Bill of Rights is a due process of law provision and has been included in all of the Texas Constitutions. The words "due process of law" or "due course of the law of the land" are the equivalent of the phrase "law of the land" in Magna Carta. It applies directly to the procedure by which people are tried for crime. Due process of law not only included procedural protection, but also substantive protection.

### VI. RULES OF LAW

Tex.Gov.Code., title 2, subtitle G, appendix A., art 10 § 9, Rule 3.04 (c)(3) - "Fairness in Adjudicatory Proceedings", specifically forbides an attorney from 1) personally vouching for the credibility of a witness or guilt of a defendant and 2) making statements

to the jury that are not supported by the evidence or are volitive of a statute of law.

Under T.C.C.P., art. 2.01 - "Duties of district attorneys", "It shall be the primary duty of all prosecuting attorney's, including special prosecutors, <u>not to convict, but to see that justice is done.</u>" (see also <u>Berger v U.S.</u>, 295 U.S. 78-88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); <u>U.S. v Young</u>, 470 U.S. 1,15 (1985).).

## VII. ARGUMENT

During closing arguments, at guilt/innocence, the special prosecutor made the statement to the jury "...<u>Amber Lowery was killed, it was done intentionally or knowingly, wasn't planned, but you don't have to decide that. All you have to decide is whether or not on that particular date or around that particular date the defendant is the one who actually caused the death.</u>" (10 RR 20-21).

To show that the statement, shown above, made by the special prosecutor was fundamentally improper, not supported by the evidence at trial, and was calculated to remove from the jury their fundamental requirement of unanimity on all the essential elements of the offense as charged, Lowery shows:

a. - he is charged by indictment with the offense of murder, Texas Penal Code 19.02 (b)(1), where the State is required, and the jury unanimously agree, to prove beyond a reasonable doubt that Lowery intentionally or knowingly caused the death - the essential elements of the offense as charged.

b. - the Texas Court of Criminal Appeals, or the Texas High Court, has held that "murder" is a "result of conduct" offense that punishes the "intentional" killing of another. see <u>Young v State</u>, 341 S.W.3d 417; 2011 Tex.Crim.App. LEXIS 828 (June 15, 2011). Therefore, Lowery argues that with no body found that would allow the State to present evidence through an autopsy, no juror(s) could have inferred that he "intentionally or knowingly" caused the death of Amber Lowery.

c. - the special prosecutor's very specific statement to the jury violated **established** rules of law and was calculated to produce Lowery's wrongful conviction since it was not in any way supported by the evidence presented at trial. Since "All persons are presumed innocent and no person shall be convicted of an offense unless each element of the offense is proven beyond a reasonable doubt." <u>Jackson v Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781 (1979). His statement was fundamentally improper & prejudiced the jury by causing the juror(s) to form a preconceived judgment that was without a factual basis.

d. - the State failed to present any evidence of a "criminal act" : no crime scene, no murder weapon or body that would have allowed for an autopsy to determine whether Amber Lowery died in a manner other than by natural causes, accidental death, or self-inflicted wounds. It has been held by the Texas Court of Criminal Appeals, the Texas high court, in cases similar to Lowery's that without evidence of a 'criminal act' having occurred : i.e. - no body from which an autopsy could have been performed to determine if death was the result of some violent means perpetrated by another, then it would be impossible for a jury to infer from the "evidence" that the defendant intentionally or knowingly caused the death. see McDuff v State, 939 S.W.2d 607,614 (Tex.Crim.App. 1997); Nisbett v State, 2016 Tex.App.Lexis 13252 (citing McDuff v State, 939 S.W.2d 607,614); Stobaugh v State, 421 S.W.3d 787 (Tex.App. - Fort Worth 2014).

e. - Lowery still maintains his innocence.

f. - prosecutor Mau's statement was an obvious error that was unobjected to by defense counsel, another substantial error that allows for this ineffective assistance of trial counsel claim. This was defense counsel Hadley's first murder trial & her failure to object to the statement, so seriously prejudicial, caused it to not be properly preserved for direct appeal which also causes manifest injustice and forces this issue to be raised on post conviction collateral challenge or attack.

## VIII. TRIAL COUNSEL'S DEFICIENT PERFORMANCE

To obtain relief in a claim of ineffective assistance of trial counsel a defendant must overcome both prongs of the Supreme Court case of Strickland v Washington, 104 S.Ct. 2052 (1984). The first prong requires the defendant to show that his trial counsel's performance was deficient. The second prong requires a showing that the deficient performance prejudiced the defendant's trial.

Further, pursuant to Maldonado v State, 688 S.W.2d 114 (Tex.Crim.App. 1985), "In post conviction collateral attack, the burden is on the Applicant to allege and prove facts which, if proven true, entitle him to relief."

During the closing arguments on the guilt/innocence phase of trial, the special prosecutor testified to facts not supported by the evidence presented at trial and improperly instructed the jury to find guilt with less than all the essential elements of the offense as charged under Texas Penal Code 19.02 (b)(1) by stating "...<u>Amber Lowery was killed, it was done intentionally or knowingly, wasn't planned, but you don't have to decide that. All you have to decide is whether or not on that particular date or around that particular date the</u>

<u>defendant is the one who actually caused the death.</u>" (10 RR 20-21).

Petitioner's defense counsel failed to object to the special prosecutor's instructing the jury that they did not have to decide the essential elements of the offense as charged under Texas Penal Code 19.02 (b)(1). This caused an obvious error that wasn't preserved for appeal, allowed the jury to deliberate without having to decide on the essential elements of the charged offense, allowed a wrongful conviction and should overcome the first prong of <u>Strickland</u>, supra, thus showing that trial counsel's performance was deficient.

To satisfy the second prong of <u>Strickland</u>, supra, Petitioner argues that the statements made by special prosecutor Mau during the closing arguments at trial (10 RR 20-21) violated the due process clause of the 5th & 14th amendments of the U.S. Constitution; violated the due process clause of the Texas Constitution at art. 1 § 19; violated Tex.Gov.Code., title 2, subtitle G - appendix A., art 10 § 9, Rule 3.04 (c)(3) - "Fairness in Adjudicatory Proceedings"; and T.C.C.P., art. 2.01 - "Duties of district attorneys" - because his statements were not supported by the evidence presented at trial and removed from the jury's deliberations the essential elements of the charged offense, this prejudiced the jury for they returned a guilty verdict with absolutely no evidence presented at trial that proved the essential elements of the offense as charged in their instructions. Thus a conviction that would not have been if special prosecutor Mau hadn't violated Lowery's right to due process & caused a fundamentally unfair trial. The denial of a fundamental right triggers strict scrutiny to determine whether prosecutor Mau's statement violated the "Fundamental-Fairness Doctrine", as well as, the "Equal Protection" & "Due Process" clauses of the U.S. & TX Constitutions. As for Strickland's prejudice prong in the context of an ineffective assistance of trial counsel claim, "[P]rejudice results if the attorney's deficient performance would render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." <u>United States v Dovalina</u>, 262 F3d 472, 474 (5th Cir 2001).

## IX. CONCLUSION

Special prosecutor Mau's statement to the jury was coldly and specifically calculated to produce the wrongful conviction so that he could advance his own interests. Mr. Mau was running for Hays county district attorney and a loss would not have been favorable for his advancement. To answer the subsequent state writ, prosecutor Mau provided a sworn affidavit, titled "Affidavit of Wesley Mau" or the State's exhibit seven, where he states he is the currently elected Criminal District Attorney for Hays County, Texas. Mr. Mau is well educated in the law & very clever. He admits to making the comment but attempts to claim he meant something else - on pg. 6 of his affidavit his italics begins just after he testified to the essential elements being proven by stating "it was done intentionally or knowingly", Mr. Mau

attempts to pull the wool over the Court's eyes, just as he does cosistently throughout his affidavit. Mr. Mau makes conclusory allegations not supported by the record in an attempt to support his affidavit, muddy the waters & paint the Petitioner in the worst light possible to inflame the minds of any who read my petition. Petitioner asks this Court to consider that there are discrepancies in prosecutor Mau's affidavit. If he will lie over "facts" contained in the record, then what else would he lie about? His intentions when he made his statement? Lowery shows this Court as follows:

1) On pg. 1, Mr. Mau states that Lowery admitted to punching Amber and breaking her nose at least twice on two seperate occasions. This is a lie, I never punched my wife, ever, & certainly never admitted to this. The record is void of any evidence to support his comment.

2) On pg. 2, Mr. Mau states - "In 2011, when Lowery went to jail for breaking Amber's nose, a protective order was granted. What he leaves out is that Amber admitted to lieing & all charges were dropped, as well as, said protective order.

3) On pg. 3, Mr. Mau attempts to paint a pretty picture of Ryan Christensen, Amber's brother whom she had planned to meet to go through 'their deceased mothers things'. Both Amber's father & mother died together in the same car accident leaving our home, his statement of the facts is wrong as usual. He continues to state that Amber was upset, angry and scared, that she feared for her safety. What he doesn't mention is that Amber had her father's .38 pistol & did not arm herself, so how scared was she? Secondly, Ryan did nothing to help his sister who was fearful for her safety. Why? Because they were fighting over inheritance, conviently Mr. Mau again construes the facts!

4) On pg. 3, the witness who 'tentatively' identified Petitioner, said he was not the same person she identified from the picture lineup while on the witness stand in the courtroom.

5) On pg. 5, Mr. Mau starts a paragraph by stating "The evidence at trial made absolutely clear that Amber had been murdered, ..., this is in direct conflict with Texas Ranger Danny Crawford's (lead investigator) testimony of no murder weapon, no crime scene, no place found where dismemberment took place, no dismemberment tool discovered & when pressed by defense counsel, Ranger Crawford reluctantly admits that they could not prove that the defendant (Petitioner) had ever lied to them & that there wasn't any physical evidence at all that would tie [Petitioner] to Amber Lowery's death. (6 RR 301-302). In this same paragraph Mr. Mau claims that 'Lowery claimed to be present & could be shown to have affirmatively lied to police & others' - again proof of Mr. Mau's misleading! Mr. Mau is very clever & loves to twist the "facts" or so-called facts in order to mislead others for his benefit!

6) As we land back on pg. 6 of Mr. Mau's affidavit, I come back to his explanation of the statement he made to the jury and his attempt to mislead with 'what he meant' was the "wasn't planned" part of his statement. Anyone who has ever read that statement on Petitioner's end has agreed that they too would have understood that he meant those elements were proven & there was no need to debate them. Mr. Mau was very clever, very cold & very calculated when he made his statement to the jury, he chose the rebuttal phase of closing arguments so it couldn't be addressed by the defense. My attorney who was flying solo on her first murder trial was severely outgunned or outclassed, the prosecution had five (5) attorney's against Ms. Hadley alone. Mr. Mau knew he had not proven the essential elements of the charged offense so he coldly claculated his statement to remove the essential elements from the jury's deliberations while still leaving an out if it was ever addressed, as it is now! I beseech this Honorable Court to look past Mr. Mau's 'I said it but meant something else' excuse. As a common lay-person I would not have known the difference either while sitting in a trial, but Mr. Mau is well educated in law & very clever, he did in fact convince the jury that they did not have to decide on the essential elements because they had already been proven. He testified to such in his statement, which was directly against Petitioner's guaranteed rights & rendered a fundamentally unfair trial.

    In closing, this case has always been about the advancement of the interests or agenda's of others, it has never been about the guilt or innocence of the Petitioner. My trial was fundamentally unfair & bias from the beginning, I have been amazed throughout the entire process of how Mr. Mau & his associates never knew me or my wife personally, yet felt & still feel entitled to state opinions that are not backed by evidence. If you search hard enough you can always find someone who is willing to talk poorly of another person. They couldn't be more wrong about me or the events that are somehow now recorded & "absolute fact"! A review of my trial records will show that the essential elements were never proven, Mr. Mau's statement was calculated to produce my wrongful conviction & my trial was in fact fundamentally unfair. These wrongful assumptions & wrongful conviction has cost me a decade of my life & our children. This is not a representation of the nation I was raised to believe in, served & fought to protect. I beseech this Honorable Court to uphold the constitutional guarantee's I fought for & grant me the rights I deserve. Thank you. MLL.

## X. PRO SE LITIGANT

    Petitioner respectfully requests this Honorable Court to view this petition through a liberal lense as afforded Pro-Se litigants. <u>Haines v Kerner</u>, 92 S.Ct. 594 (1972). "...in this Circuit pro se habeas petitions are construed liberally and are not held to the same

stringent and rigorous standards as are pleadings filed by lawyers." Bledsue v Johnson, 188 F.3d 250, 255 (5th Cir 1999).

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Lowery prays this Honorable Court will grant this Petition, vacate or reverse his wrongful conviction and issue an acquittal.

Respectfully submitted on this the 14th day of March, 2023.

signed,

*Michael L Lowery*

Michael Logan Lowery
Petitioner, Pro Se
TDCJ-ID # 01954001
Clements Unit
9601 Spur 591
Amarillo, TX 79107

Michael S. Lowry
TDCJ-ID #0195401
Clements Unit
9601 Spur 591
Amarillo, TX 79107

Clerk of the Court
U.S. District Court
Northern District / Amarillo Division
205 S.E. 5th Ave., Room 133
Amarillo, TX 79101-1559

"Legal"

RECEIVED
MAR 20 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS