UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL LOGAN LOWERY,
    Petitioner,

v.                                         Civil No. 4:23-CV-289-P

BOBBY LUMPKIN, Director,
TDCJ- CID,

    Respondent.

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael Logan Lowery ("Lowery"), a state prisoner confined in the Clements Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-CID"), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Lowery, the Court concluded the petition is an unauthorized successive petition that should be transferred to the United States Court of Appeals for the fifth Circuit for a determination as to whether authorization to file the petition should be granted.

**I.    BACKGROUND**

Lowery is in custody pursuant to the judgment and sentence of the 220th Criminal District Court of Comanche County, Texas in cause number CR03693. CR 115-16, ECF No. 22-2.[1] Lowery was charged with murder, pleaded not guilty, and was tried by a jury. CR 11, 43, 103, 108, 114, 115-16, ECF No. 22-2. The jury found Lowery guilty and sentenced him to life imprisonment on May 20, 2011. CR 108, ECF No. 22-2.

Lowery's conviction was affirmed by the Eleventh Court of Appeals of Texas on October 13, 2016. *Lowery v. State*, No. 11-00274-CR, 2016 WL 6023895 (Tex. App.–Eastland 2016, pet. ref'd). The Texas Court of Criminal Appeals (TCCA) refused Lowery's Petition for Discretionary Review (PDR) on May 3,

---

[1] "CR" refers to the Clerk's Record of pleadings and documents filed during the underlying state criminal proceeding.

1

2017. *Lowery v. State*, PDR No. PD-0087-17 (Tex. Crim. App. 2016).

Lowery filed his initial state habeas application challenging his conviction on August 10, 2017. SHCR-01 at 42, ECF No. 22-31.[2] The TCCA denied that application without written order on October 11, 2017. SHCR-01 at "Action Taken," ECF No. 22-28.

On May 10, 2018, Lowery filed his first federal habeas petition under 28 U.S.C. § 2254. Pet. *Lowery v. Davis*, No. 4:18-CV-361-Y (N.D. Tex. 2019) (ECF No. 3). On March 8, 2019, the court dismissed the § 2254 petition with prejudice and denied a certificate of appealability (COA). Order and Final Judgment, *Lowery v. Davis*, 4:18-CV-361-Y, 2019 WL 1099007 (N.D. Tex. Mar. 8, 2019). Thereafter, Lowery moved the court to alter or amend its judgment, but the Court denied that motion on April 10, 2019. *Lowery v. Davis*, 4:18-CV-361-Y, 2019 WL 10836079 (N.D. Tex. April 10, 2019).

Unsuccessful in district court, Lowery filed a notice of appeal and moved for a certificate of appealability from the Fifth Circuit. *Lowery v. Davis*, No. 19-10330, 2019 WL 4668571 (5th Cir. 2019). On September 5, 2019, the appellate court also denied his motion for COA. *Lowery*, 2019 WL 4668571 at *1. Lowery filed a petition for rehearing en banc but was, again, unsuccessful. Ord. Deny'g Pet. Rehearing, *Lowery*, No. 19-10330 (5th Cir. Oct. 15, 2019). Lowery's motion to file an out-of-time petition for writ of certiorari was denied by the Supreme Court. *Lowery v. Davis*, 140 S. Ct. 2639 (2020).

On or around November 1, 2022, Lowery filed a second state habeas application. SHCR-02 at 7-22, ECF No. 22-37.[3] That state application was dismissed as an abuse of the writ on January 25, 2023. SHCR-02 at "Action Taken," ECF No. 22-38.

Lowery constructively filed the § 2254 federal petition on March 14, 2023. Pet. 15, ECF No. 3.

**II.     ISSUE**

The Court understands Lowery to allege that trial counsel provided

---

[2] "SHCR-01" refers to the written pleadings contained within *Ex parte Lowery*, No. 87,430-01 (Tex. Crim. App. 2017).

[3] "SHCR-02" refers to the written pleadings contained in the second state writ application within *Ex parte Lowery*, No. 87,430-02 (Tex. Crim. App. 2023).

ineffective assistance of counsel when he failed to object to the prosecutor's statement to the jury during closing argument that it was up to them to decide "whether of not . . . the defendant is the one who actually caused the death of Amber Lowery." Pet. 5, ECF No. 3.

### III.   ANALYSIS

Title 28 U.S.C. § 2244(b) "sharply limits the federal courts' consideration of 'second or successive' habeas applications." *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir. 2013). That stature requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Additionally, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A). "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009); *see also Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003).

As noted above, Lowery filed an initial federal habeas petition in May 2018, challenging the same murder conviction he challenges today. Because his instant claim was ripe and could have been raised when he filed his initial petition, his second petition—now before this Court—is successive. *See* Pet.6-10, *Lowery*, 4:18-CV-361-Y, (ECF No. 3).   Conceding as much, Lowery argues that the exception recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) eliminates § 2244's bar against successive petitions. *See* Brief 2-3, ECF No. 4.  But it does not.[4] The Fifth Circuit has rejected this argument and

---

[4] The petitioners in *Martinez* and *Trevino* sought "cause" to excuse the procedural default of claims in their initial federal petitions, not in their successive federal petitions. *See Martinez*, 566 U.S. at 6–7; *Trevino*, 569 U.S. at 417–18.

continues to apply § 2244(b)'s requirements notwithstanding the invocation of the *Martinez/Trevino* exception. *See e.g., In re Hensley*, 836 F.3d 504, 507 (5th Cir. 2016); *In re Garrett*, 633 F. App'x 260, 261 (5th Cir. 2016); *see also Lanier v. Lumpkin*, 830 Fed. App'x 446, 447 (5th Cir. 2020), and *Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).

Accordingly, Lowery's instant § 2254 petition is successive and requires authorization from the Fifth Circuit before this Court has jurisdiction to consider it. Lowery must receive permission from the Fifth Circuit Court of Appeals in order for the instant petition to proceed properly before this Court. 28 U.S.C. §§ 2244(b)(3)(A)-(E). Lowery has not provided any proof that he has obtained such authorization from the court of appeals. For these reasons, this Court lacks jurisdiction to address the merits of Lowery's claims.

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the circuit court and establishing procedures in the circuit court to handle such transfers). The Court chooses the latter procedure.

### IV. CONCLUSION

For the reasons discussed herein, petitioner Michael Logan Lowery's § 2254 petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).[5]

**SO ORDERED** on this **5th day** of **September 2023.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

5 Lowery filed a motion for discovery to access copies of state court records. ECF No. 19. Because this court is without jurisdiction to review the successive § 2254 petition, Lowery's motion for discovery (ECF No. 19) is **DISMISSED**.